J-S23041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERTO A. TAPIA, | : | |
| | : | |
| Appellant | : | No. 2782 EDA 2016 |

Appeal from the PCRA Order June 30, 2016
in the Court of Common Pleas of Bucks County,
Criminal Division, No(s): CP-09-CR-0006457-2009

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 05, 2017**

Roberto A. Tapia ("Tapia") appeals, *pro se*, from the Order dismissing his *pro se* "Petition to Correct Illegal Sentence Pursuant to the Court's Inherent Jurisdiction to Correct Illegal Sentence" (hereinafter "the Petition"), which the common pleas court properly treated as a third Petition filed under the Post Conviction Relief Act ("PCRA").[1]  ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

---

[1] ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." (citation and ellipses omitted)); ***see also Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (stating that "[u]nder the plain words of the [PCRA], if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive to* the PCRA." (emphasis in original) (citing 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect ….")).  In the instant case, the underlying substantive claim presented in the Petition (a challenge to the legality of Tapia's sentence) is cognizable under the PCRA.

In January 2010, Tapia pled guilty to rape of a child and other sexual offenses, stemming from his repeatedly forcing his stepdaughter to engage in non-consensual intercourse, when she was between the ages of ten and fourteen. In May 2010, Tapia was sentenced to serve an aggregate prison term of 15 to 30 years. Tapia did not file a direct appeal.

In February 2011, Tapia filed a timely first PCRA Petition, which the PCRA court later denied after a hearing. This Court affirmed the denial, after which the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Tapia*, 64 A.3d 274 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 70 A.3d 811 (Pa. 2013).

In April 2015, Tapia filed a second, *pro se* PCRA Petition, which the PCRA court dismissed as untimely. On November 17, 2015, this Court affirmed the dismissal, ruling that the Petition was facially untimely and Tapia "made no attempt to plead or prove any of the PCRA untimeliness exceptions[,]" thus depriving the PCRA court of jurisdiction. *Commonwealth v. Tapia*, 134 A.3d 496 (Pa. Super. 2015) (unpublished memorandum at 4).

On April 7, 2016, Tapia filed the instant *pro se* PCRA Petition, his third, asserting that his mandatory minimum sentence is unconstitutional under

***Alleyne v. United States***, 133 S. Ct. 2151 (2013).[2] In response, the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing, stating that the court lacked jurisdiction to address the Petition because it was untimely filed. Tapia did not respond to the Rule 907 Notice. On June 30, 2016, the PCRA court dismissed the Petition, after which Tapia filed a timely *pro se* Notice of Appeal. The PCRA court then ordered Tapia to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Tapia timely complied.

Tapia now presents the following issues for our review:

I. Whether the [PCRA] court erred in treating [the] Petition … as a Petition filed under the [PCRA], and/or[,] in the alternative[,] erred by failing to exercise it[]s inherent jurisdiction/power to correct [the] illegal sentence at any time, when made aware that [Tapia's] sentence was illegal, as shown on the face of the record?

II. Whether the [PCRA] court erred and violated [Tapia's] rights under the Eig[hth] Amendment of the United States Constitution when it failed to correct his illegal minimum mandatory sentence pursuant to 42 Pa.C.S.A. § 9718, that was made retroactively illegal by the law of the Commonwealth of Pennsylvania[,] which makes a statute declared unconstitutional retroactively unconstitutional to the date of the statute[']s inception?

---

[2] In ***Alleyne***, the Supreme Court held that, under the Sixth Amendment's right to a jury trial, facts "that increase mandatory minimum sentences must be submitted to the jury and found beyond a reasonable doubt." ***Id.*** at 2163. Tapia received a mandatory minimum sentence under 42 Pa.C.S.A. § 9718, which the Pennsylvania Supreme Court has held is void in its entirety and facially unconstitutional under ***Alleyne***. ***Commonwealth v. Wolfe***, 140 A.3d 651, 663 (Pa. 2016).

III. Whether the [PCRA] court erred and violated [Tapia's] due process rights under the Fourteenth Amendment of the United States Constitution by not vacating and/or correcting his illegal sentence when the mandatory minimum sentencing statute he was sentenced under was declared unconstitutional and void, and the law of the Commonwealth makes a statute found unconstitutional retroactively unconstitutional to the date of the statute[']s inception, not merely the date the statute was declared unconstitutional?

IV. Whether the [PCRA] court erred and violated [Tapia's] right to equal protection under the Fourteenth Amendment of the United States Constitution when it failed to correct his illegal mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718, where the law of the Commonwealth making a statute declared unconstitutional retroactively unconstitutional to the date of the statute[']s inception, made [Tapia's] sentence pursuant to the unconstitutional statute ([section] 9718) just as illegal as a person sentenced pursuant to that statute, who could raise the issue on unitary or direct review, or in a timely Petition for post conviction collateral relief?

Brief for Appellant at 3-4 (some capitalization omitted).

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

- 4 -

review." *Id.* § 9545(b)(3). Pennsylvania courts may consider an untimely PCRA Petition if the petitioner can plead and prove one of the statutory timeliness exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, "*it is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies. That burden necessarily entails an *acknowledgement by the petitioner that the PCRA petition under review is untimely* but that one or more of the exceptions apply." **Commonwealth v. Crews**, 863 A.2d 498, 501 (Pa. 2004) (citations omitted, emphasis in original). Additionally, "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa. Super. 2008); **see also Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (stating that a court may not address the merits of the issues raised if a PCRA petition is not timely filed).

Tapia's judgment of sentence became final in June 2010. Accordingly, his instant PCRA Petition, filed over five years later, is facially untimely. Importantly, Tapia failed to acknowledge that the Petition was an untimely PCRA Petition, or plead therein any of the three timeliness exceptions. **See**

***Crews***, ***supra***. Accordingly, the PCRA court lacked jurisdiction to address the Petition, and properly dismissed it.[3] ***See Perrin***, ***supra***.

However, even if Tapia had invoked ***Alleyne*** under the newly-recognized constitutional right timeliness exception (at 42 Pa.C.S.A. § 9545(b)(1)(iii)), he would not be entitled to relief. Initially, his instant April 7, 2016 Petition was filed well over sixty days after June 17, 2013, the date that ***Alleyne*** was decided. ***See*** 42 Pa.C.S.A. § 9545(b)(2) (providing that any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."); ***see also Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Further, the rule established in ***Alleyne*** does not apply retroactively where, as here, the judgment of sentence is final. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (holding that "***Alleyne*** does not apply retroactively to cases pending on collateral review."); ***see also Miller***,

---

[3] To the extent that Tapia argues that the PCRA court possessed "inherent authority" to vacate his allegedly illegal mandatory minimum sentence, ***see*** Brief for Appellant at 10-12, this claim lacks merit. Even if, *arguendo*, there was an obvious illegality in Tapia's sentence, the PCRA court would not have had jurisdiction to consider Tapia's claim. ***See Jackson***, 30 A.3d at 521 (recognizing that although there is "limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under [42 Pa.C.S.A. §] 5505; it [does] not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA.").

102 A.3d at 995 (stating that while **Alleyne** claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017